

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Attention:  Mr. E. S. Stone, Jr.

Dear Sir:

Opinion No. 0-5789
Re:  Salaries of the county of-
ficials of Brazoria County
and their deputies.

        Your letter of January 3, 1944, requesting our opin-
ion regarding the salaries of the county officials of Brazoria
County and their deputies, reads in part as follows:

        "The Commissioners' Court of this county has
    requested me to advise it as to whether said court
    is authorized to approve the appointment of depu-
    ties of a county officer on the salary basis where
    the appointment of such deputies will increase the
    expenditures, including the officers' salary, sal-
    aries of deputies and the expense of said office to
    an amount that will exceed the fees and commissions
    earned by said county office.

        "At the last Federal Census Brazoria County had
    a population of 27,069 and a valuation of $78,000,000.

        ". . . .

        "The second sentence of Article 3902 provides
    in reference to the appointment of deputies 'said
    application shall be accompanied by a statement show-
    ing the probable receipts from fees, commissions and
    compensations to be collected by said office during
    the fiscal year and the probable disbursement which
    shall include all salaries and expenses of said of-
    fice; and said court shall make its order authorizing
    the appointment of such deputies, assistants and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

clerks and fix the compensations to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court shall be proper........'

"The question has been raised under the above quotation that this provision may be a limitation upon the Commissioners' Court in authorizing expenditures of office by an officer on the salary basis in excess of the fees earned by said office.

"I call your attention to the fact that following the above quoted paragraph of Article 3902 in the present statute as now written are eight additional subdivisions, each of which in explicit terms lays down the rule of the fixing of the salaries of deputies in the several elective offices. In my opinion the provision in the first paragraph of Article 3902 'and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensations to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper' clearly has application only to the succeeding paragraphs of said article directing how and in what manner and what amount the deputies and their salaries may be fixed and determined and has no reference back to the 'statement' which would be filed showing probable fees of office.

"Many of the paragraphs of Article 3902 have been amended since its enactment but the original Article 3902 contains provisions for fixing of the salaries for the deputies and assistants.

"It is my opinion that the quoted provision with reference to the presentation of the statements showing probable fees of office is for a guide and help for the Commissioners' Court, in its discretion, to fix the salaries of the officers as well as salaries of deputies and assistants but is no limitation as to number.

"Under the statute, it is my opinion, that the salaries of elected officers shall be fixed at the

first regular meeting of the Commissioners' Court and
the salaries of the deputies shall likewise be fixed
at that time, and the next regular meeting of the Com-
missioners' Court will be Monday, January 10, 1944.
We therefore urge that if possible you let us have an
opinion on or before January 10, then under the stat-
ute the Commissioners' Court may recess from day to
day for a week and still be in regular term. There-
fore please let us have the opinion not later than Jan-
uary 13 or 14."

As stated in your letter, Brazoria County has a popula-
tion of 27,069 inhabitants according to the 1940 Federal Census.
Therefore the county officials of said county are compensated on
an annual salary basis.

Article 3912e, Section 13, Vernon's Annotated Civil
Statutes, fixes the salaries of all the following named officers
of Brazoria County, towit:  sheriff, assessor and collector of
taxes, county judge, county attorney, including criminal dis-
trict attorneys and county attorneys who perform the duties of
district attorneys, district clerk, county clerk, treasurer, hide
and animal inspector.  The salaries of said officials are fixed
at not less than the total sum earned by them in their official
capacities for the fiscal year 1935 and not more than the maximum
amount allowed such officers under laws existing on August 24,
1935.  Stated another way, the statute fixes the salary of each
county official at not less than the total sum earned by him in
his official capacity for the fiscal year 1935 and not more than
the maximum amount allowed such officer under laws existing on
August 24, 1935, provided, that in counties having a population
of 20,000 and less than 37,500 inhabitants according to the last
preceding Federal Census and having an assessed valuation in ex-
cess of $15,000,000.00, according to the last approved preceding
tax roll of such county the maximum amount allowed such officers
as salaries may be increased 1% for each $1,000,000.00 valuation
or fractional part thereof, in excess of said $15,000,000.00
valuation over and above the maximum amount allowed such officers
under laws existing on August 24, 1935.

You are respectfully advised that the Commissioners'
Court of Brazoria County has the legal authority to fix the salary
of each of the above named officials at not less than the total
sum earned by him in his official capacity for the fiscal year
1935 and not more than the maximum amount allowed such officer

under laws exiting on August 24, 1935. As said county has a population of more than 20,000 and less than 37,500 inhabitants according to the 1940 Federal Census, and an assessed valuation in excess of $15,000,000.00 according to the last approved preceding tax roll of such county, the maximum amount allowed such officers for salaries may be increased 1% for each $1,000,000.00 valuation or fractional part thereof in excess of said $15,-000.00 valuation over and above the maximum amount as allowed such officers under laws existing on August 24, 1935. (See the cases of Nacogdoches County v. Jinkins, 140 S. W. (2d) 901, and Nacogdoches County v. Winder, 140 S. W. (2d) 972.)

Article 3902, Vernon's Annotated Civil Statutes, provides in part:

". . . The compensation which may be allowed the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

". . . .

"2. In counties having a population of twenty-five thousand and one (25,001) and not more than thirty-seven thousand five hundred (37,500) inhabitants, first assistant or chief deputy not to exceed Two Thousand Dollars ($2,000.00) per annum; other assistants, deputies, or clerks not to exceed Seventeen Hundred Dollars ($1,700.00) per annum each. ..."

In view of Article 3902, Vernon's Annotated Civil Statutes, you are respectfully advised that it is our opinion that the Commissioners' Court of Brazoria County has the legal authority to fix the salaries of the deputies of the various county officials at any reasonable amount provided such amounts do not exceed the maximum amount mentioned in paragraph 2 as quoted above. The salaries of first assistants or chief deputies cannot exceed the sum of $2,000.00 each per annum. The salaries of other assistants, deputies or clerks cannot exceed $1,700.00 per annum each. Article 3902 fixes the maximum salary of assistants, deputies and clerks but does not fix the minimum salary of said assistants, deputies or clerks. It is our further opinion that the County Commissioners' Court of Brazoria County has the legal authority to fix the salaries of the various county officials named above at any amount, provided, the salary of each officer is not less than the minimum stated above or more than the maximum

Honorable Cleveland Davis, page 5


allowed by law as heretofore mentioned and that the salaries of
the deputies may be fixed at any reasonable sum not exceeding
the maximum heretofore mentioned regardless of the amount earned
as fees and commissions by said county officials in their of-
ficial capacities.

We thank you for the brief and your opinion which has
aided us in passing upon your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By (signed)
Ardell Williams
Assistant

AW:db

APPROVED JAN 7, 1944                    APPROVED:
(signed) Geo. P. Blackburn              OPINION COMMITTEE
ACTING ATTORNEY GENERAL OF TEXAS        BY B. W. B., CHAIRMAN